IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW LEE MCCLINTON<br>(BOP Register No. 30882-077),<br><br>Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-1427-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Andrew Lee McClinton, a federal prisoner proceeding *pro se*, filed in his closed criminal action a Motion to Reduce Sentence, seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, and which the Supreme Court recently made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016). *See United States v. McClinton*, No. 3:97-cr-245-N (01) (N.D. Tex.), Dkt. No. 121 [Dkt. No. 3].

United States District Judge David C. Godbey construed McClinton's motion as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This civil action was opened, and it was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Judge Godbey.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, regardless whether it possesses merit, because McClinton's motion to vacate is successive, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

## Applicable Background

In 1997, McClinton was convicted of three counts of robbery affecting interstate commerce and three counts of using a firearm in connection with those robberies, and he was sentenced to 612 months' incarceration. The Fifth Circuit affirmed this Court's judgment and McClinton's motion for rehearing. And the United States Supreme Court denied McClinton's petition for a writ of certiorari.

In 2003, the Court dismissed his first Section 2255 motion as barred under the applicable statute of limitations. *See McClinton v. United States*, Nos. 3:02-cv-231-P & 3:97-cr-245-P (01) (N.D. Tex. Aug. 18, 2003).

Without explanation, McClinton's current motion asserts a right to a reduced sentence in light of *Johnson* and *Welch*. *See* Dkt. No. 3; *cf. In re Griffin*, No. 16-12012-J, ___ F.3d ___, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016) (per curiam) (noting that "it is not enough for a federal prisoner to simply identify *Johnson* and the residual clause as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he was sentenced under the residual clause in the ACCA and that he falls within the scope of the new substantive rule announced in *Johnson*" (citing 28 U.S.C. § 2244(b)(3)(C))).

Notably, McClinton's lengthy sentence was driven by the current counts of

conviction, not by sentencing enhancements based on previous convictions. *See* 3:97-cr-245-N (01) (N.D. Tex.), Dkt. No. 125 (presentence report) & Dkt. No. 126 (statement of reasons). In fact, McClinton lacked criminal history for purposes of calculating his sentences under the Guidelines. *See generally* 3:97-cr-245-N (01) (N.D. Tex.), Dkt. No. 125.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, McClinton's successive 2255 motion seeking relief pursuant to *Johnson* should be transferred there for appropriate action.

## Recommendation

The Court should transfer McClinton's current Section 2255 motion to vacate to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE